Alma N. Nickerson
vs.
Ricci & Ricci Excavating Co.    No. 92328.

February 12, 1935.

POULIOT, J. After a jury had returned a verdict for the plaintiff in the sum of $979.62, the defendant filed a motion for a new trial on the usual grounds, and this motion is now before the Court.

On March 30, 1932, the parties entered into a written contract for material and labor "to be done strictly in accordance with the specifications and plans for the Canton-Westwood-Dedham job let by the Department of Public Works of the Commonwealth of Massachusetts * * * ". Ex. 1, page 1.

On the third page of Exhibit 1 appears a provision as to the method of payment, "in accordance with the manner in which such payments are made by the Department of Public Works".

After some of the work had been done, the plaintiff, to use his expression, "quit", and gave as his reason that the defendant had not kept its end of the bargain in making payments.

There is a dispute as to which party breached the agreement. The defendant contends the plaintiff refused to go on with its provisions, and the plaintiff claims he "quit" because he was not being paid enough money to meet his payroll. There is no provision in the contract as to any specific dates when payments are to be made, nor is there any provision that the defendant shall finance the plaintiff's payroll. Payments were to be made under the rules set out by the Department of Public Works and, in answer to the Court's question, plaintiff stated that that meant that the defendant was to make payment after it received payment through the Department. On the evidence presented on this point, the Court feels that the plaintiff did not prove, by a fair preponderance of the testimony, that he was justified in "quitting" and therefore can not charge the defendant with having breached the contract.

The amount of damages does not seem fair, even if the plaintiff were entitled to recover.

The plaintiff claims for material and labor the sum of $1613, plus a disputed item of $150.01 loss of profits. Allowing him his full claim, the total is $1763.01.

Now, against that, we have admitted receipts of $721.36. In addition the defendant either paid out, or was charged with, several items belonging to the plaintiff, such as $400 paid to two of his employees, one a relative, $433.87 back pay due his men, and $483.90 paid to laborers to complete plaintiff's job. All these latter items were required by the Department of Public Works, were taken out of defendant's money and were for the benefit of plaintiff. They total $1117.77. Added to the $721.36 admitted payment, they total to more than the amount of plaintiff's claim. There are other items which are in dispute and the Court is giving plaintiff the benefit of those items, but it seems to the Court that the items allowed were so well proven by the defendant that there can't be much question about them.

Therefore, the verdict not doing substantial justice, defendant's motion for a new trial is granted.

For plaintiff: Sallet & Ress.
For defendant: William Law.

Peter Doyle
vs.
Yellow Cab Co.    No. 92402.

February 12, 1935.

POULIOT, J. This cause is before the Court on plaintiff's motion for a new trial after a jury decided for the defendant.

It involves a collision between two automobiles at the corner of Lloyd Avenue and Brown Street in the City of Providence.

The plaintiff claims that he was operating his car on Lloyd Avenue, in a westerly direction, and stopped about two feet back of the easterly line of Brown Street. While his car was in that position, he states, the defendant's cab, coming along Brown Street from the south, swung around the corner and crashed into his car.

The defendant's cab operator contends that as he started to make the turn into Lloyd Avenue from Brown Street, he saw plaintiff's car on its left of the center line of Lloyd Avenue, "cutting the corner". He said he turned sharply to the right and put on his brakes, his cab stopping up against the curb on his right side.

One other witness on each side testified in corroboration of the testimony of each driver.

The question was one of fact, clearly for a jury to determine. It can not be said that either side had the fair preponderance of the evidence. Under the rules, therefore, a verdict for the defendant was the proper one.

Plaintiff's motion for a new trial is denied.

For plaintiff: Carroll & Dwyer.

For defendant: Sherwood & Clifford.